## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FIRST HOME BANK,

      Plaintiff,

v.                            Case No. 8:21-cv-2922-WFJ-TGW

CLIMAX AKAUSHI FARM, LLC,
HAINES FARM OPERATING LLC,
JOSEPH PASQUALONE,
SCHOENBORN ASSOCIATES, INC.,
SCHNARE FARM OPERATING LLC,
and BETTER DESIGNS INC.,

      Defendants.

_____/

## ORDER

Before the Court is Plaintiff's Motion on Entitlement to Attorneys' Fees and Expenses (Dkt. 23). After careful review of the applicable law and the entire file, the Court concludes Plaintiff is entitled to only some of the attorneys' fees sought.

### The Instant Action

In October 2018, Defendants Climax Akaushi Farm, LLC, formerly known as Climax Wagyu Farm LLC, ("Climax") and Haines Farm Operating LLC ("Haines") executed a promissory note ("the Note) to Plaintiff First Home Bank ("the Bank"). Dkt. 1 ¶ 14; Dkt. 23-1 at 1–9. On that same day, Defendants Joseph Pasqualone, Schoenborn Associates, Inc. ("Schoenborn"), Schnare Farm Operating

LLC ("Schnare") and Better Designs Inc. each guaranteed the Note with separate written guarantees "Guarantees").  Dkt. 1 ¶¶ 5, 7–9; 24; Dkt. 23-1 at 12-33.

In December 2021, the Bank brought this action for breach of the Note (Count One) and payment under the four Guarantees (Count Two).  Dkt. 1.  None of the Defendants, all of which accepted service, have made an appearance to date. A final default judgment was entered against all Defendants for damages in the amount of $1,752,053.31.  Dkt. 22.

The Bank now seeks attorneys' fees and costs pursuant to the Note and four Guarantees, copies of which are attached to the complaint and the instant motion. Dkt. 1-2 at 1–8, 13–35; Dkt. 23-1.  The attorneys' fees include time spent in a New York commercial foreclosure action filed in October 2021, which was two months prior to the filing of the instant action in Florida.  Dkt. 23 at 7 (stating "133.6 hours have been expended in this case and the related New York commercial foreclosure case as of March 21, 2022").  The fees sought total $52,675.00 and the costs are $1,982.10.  Dkt. 23 at 7.

**The New York Action**

Nothing in the complaint before this Court in the Middle District of Florida mentions the New York foreclosure.  Dkt. 1.[1]  Although not alleged in the

---

[1] Attached to the complaint is a letter written by Plaintiff's counsel that states a foreclosure was commenced in state court in New York by Farm Credit East, ACA.  Dkt. 1-2 at 11.  The suit was

complaint, the Bank asserted in its motion for default judgment that the Note was secured by a mortgage and security agreement, which agreement granted the Bank a mortgage on certain land in Greene County, New York and also granted the Bank a security interest in various improvements, tangible property, and other listed items.  Dkt. 20 at 2.[2]  The Bank also asserted in its motion for default that the Note was secured by additional agreements: (1) a security agreement executed by Defendants Climax and Haines, which granted the Bank a security interest in all their assets, certain equipment, farm products, certain livestock, and other various items; and (2) pledge agreements signed by all the corporate Defendants, which described additional collateral.  *Id*. at 3.  None of these agreements or any mortgage is the subject of this Florida lawsuit.

## Entitlement to Fees

Sitting in diversity, this Court must apply Florida substantive law on the issue of entitlement to attorneys' fees.  *McMahon v. Toto*, 256 F.3d 1120, 1133 (11th Cir. 2001), *rescinded in part on other grounds in McMahon v. Toto*, 311 F.3d 1077 (11th Cir. 2002).  Under Florida law, attorney's fees may be awarded

---

brought against the borrowers and the guarantors for "certain parcels of real estate in Greene County, New York, some of which are among [the Bank's] collateral."  *Id*.

[2] Plaintiff asserts this "Mortgage and Security Agreement" was executed by Defendants Climax, Haines, Schoenborn, and Schnare.  Dkt. 20 at 2.

3

pursuant to statute or contract. *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1198 (Fla. 2009).

The Bank seeks entitlement to fees based on the following provision of the Note:

> 6.   LENDER'S GENERAL POWERS:
>
> Without notice and without Borrower's [Climax and Haines'] consent, Lender [the Bank] may:
> . . . .
>> B.   Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance[.]

Dkt. 23-1 at 5. "Loan Documents" means the documents "related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral." Dkt. 23-1 at 2. "Collateral" is defined as "any property taken as security for payment of this Note or any guarantee of this Note." *Id*.

Plaintiff also relies on language in the Guarantees to support its entitlement to attorneys' fees.  The four separate Guarantees signed by Better Designs Inc., Schoenborn, Schnare, and Mr. Pasqualone, individually, each contain the following provision:

> 9.   GENERAL PROVISIONS:

4

> A.   ENFORCEMENT EXPENSES.  Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

Dkt. 23-1 at 14, 19, 24, 29.

The Note permits recovery of fees "to collect" amounts due under the Note, "to enforce" the terms of the Note or other "Loan Document," and to preserve "Collateral."  In Florida, a contractual attorney's fee provision must be strictly construed.  *Pici v. First Union Nat'l Bank of Fla.*, 705 So. 2d 50, 51 (Fla. 2d DCA So. 2d 1997) (holding that contractual fees for replevin action were not awardable when attorney's fee clause in promissory note and security agreement stated that borrower would pay attorney's fees if bank "hire[d] an attorney to collect what I owe"—replevin was nonmonetary default not covered by clause); *see also Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at *2 (M.D. Fla. June 10, 2015) (citing *Succar Succar v. Safra Nat'l Bank of N.Y.*, 237 F. App'x 526, 528 (11th Cir. 2007)), *report and recommendation adopted by* 2016 WL 355490, at *2 (M.D. Fla. Jan. 29, 2016).

Florida law also requires that contractual provisions for attorney's fees must clearly and unambiguously identify the matter in which fees are recoverable. *Wiand*, 2015 WL 12839237, at *2 (citing *Am. Univ. of the Caribbean, N.V. v. Caritas Healthcare, Inc.*, 441 F. App'x 644, 645 (11th Cir. 2011)).  Ambiguous terms are construed against the drafter in Florida and most jurisdictions.  *Id.* (citing

*Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1329 n.2 (11th Cir. 2005)).  In *Wiand*, a provision in a promissory note required the borrower to pay attorneys' fees incurred "to enforce or collect" any obligation under the note. *Id*. at *5.  There, the court determined that a receiver's claims to void transfers, and security interests and loan payments that were already transferred, did not constitute an action to enforce or collect the defaulted payments under the loan.  *Id*.

Here, as in *Wiand*, the Note clearly identifies the situations in which the Bank is entitled to fees—to collect amounts due under the Note and to enforce the terms of the Note.  With respect to preservation of collateral, the complaint in this case did not allege any collateral that was not preserved.  The Note does not permit recovery of fees in a "related" commercial mortgage foreclosure.

Nor do the Guarantees provide any support for the payment of attorneys' fees incurred in the New York litigation.  The same provision in all four Guarantees permits recovery of the fees spent to enforce the Guarantees.  This action in the Middle District sought to enforce the Guarantees and therefore fees are limited to those incurred prosecuting this action.

Accordingly, Plaintiff First Home Bank's motion (Dkt. 23) is granted in part and denied in part.  Plaintiff has not shown any statute or contract by which it is entitled to the fees incurred in the New York litigation.  Plaintiff must file any

affidavits in support of reasonableness of time expended (as limited here above) and hourly rate, and a separate proposed bill of costs, within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on June 1, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

<u>**COPIES FURNISHED TO**</u>:
Counsel of record