**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FIRST HOME BANK,

    Plaintiff,

v.                                                 Case No. 8:21-cv-2922-WFJ-TGW

CLIMAX AKAUSHI FARM LLC,
HAINES FARM OPERATING LLC,
JOSEPH PASQUALONE,
SCHOENBORN ASSOCIATES, INC.,
SCHNARE FARM OPERATING LLC,
And BETTER DESIGNS INC.,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff First Home Bank's Supplemental Motion on Attorney's Fees and Expenses (Dkt. 25). After careful review of the applicable law and the entire file, the Court concludes that First Home Bank is entitled to 85% of the attorney's fees sought and 100% of the expenses sought.

**I.    Background**

On October 31, 2018, Defendants Climax Akaushi Farm LLC ("Climax") and Haines Farm Operating LLC ("Haines") executed a promissory note ("the Note") to First Home Bank ("the Bank"). Dkt. 1 ¶ 14. On the same day, Defendants Joseph Pasqualone ("Pasqualone"), Schoenborn Associates, Inc.

("Schoenborn"), Schnare Farm Operating LLC ("Schnare"), and Better Designs Inc. ("Better Designs") each executed guaranties ("the Guaranties") on the Note. *Id.* at ¶ 24. On February 5, 2021, however, Climax and Haines failed to make an installment payment thereunder. *Id.* at ¶ 26.

The Bank subsequently elected to accelerate payment of all amounts due under the Note. *Id.* Climax, Haines, Pasqualone, Schoenborn, Schnare, and Better Designs failed to pay. *Id.* at ¶ 27. And, as of November 17, 2021, $1,719,774.07 was due. *Id.* at ¶ 28.

On December 16, 2021, the Bank brought this action for breach of the Note (Count I) and payment under the Guaranties (Count II). *Id.* at ¶¶ 13–31. Each Defendant accepted service, but none made an appearance. Consequently, a final default judgment was entered against all Defendants for damages in the amount of $1,752,053.31. Dkt. 22 at 1.

On April 13, 2022, the Bank submitted a Motion on Entitlement to Attorney's Fees and Expenses pursuant to the Note and the Guarantees. Dkt. 23. The Bank sought a total of $54,657.10, representing $52,675.00 in attorneys' fees and $1,982.10 in expenses. *Id.* at ¶¶ 21–23. In response, the Court ruled that—because a) said total included attorney's fees and expenses incurred by the Bank in

2

the separate New York Action[1] and b) the Bank failed to show any statute or contract by which it is entitled to such fees or expenses—the Bank must file a supplemental motion limiting attorney's fees and expenses to those incurred prosecuting this action pursuant to M.D. Loc. R. 7.01(c). Dkt. 24 at 6–7. The Bank has now done so. Dkt. 25.

## II. Discussion

The Court uses the "lodestar" method to determine a reasonable fee award. This entails multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The moving party bears the burden of establishing that both the rate(s) and the hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). Further, in determining hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S.

---

[1] *Farm Credit East, ACA v. Pasqualone, et al.*, New York Supreme Court, Greene County (Index No. EF2021-838).

at 434. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them . . . ." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Ultimately, "the court may then adjust up or down in its discretion depending on various considerations involved in the case." *Gary v. Health Care Servs., Inc.*, 744 F. Supp. 277 (M.D. Ga. 1990), *aff'd sub nom. Gary v. Health Care Serv., Inc.*, 940 F.2d 673 (11th Cir. 1991).

Here, the Bank requests an award of $47,815.55, representing $46,752.00 in attorney's fees and $1,063.55 in expenses. Dkt. 25 at 12–13. Based on the submitted billing invoices (Dkt. 25-1), the Court finds that the Bank has met its burden of submitting a request that enables the Court to determine what expenses the Bank incurred in the instant action and why it is entitled to an award of those expenses. *See Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). That said, because the Court has already found that the Bank is entitled to attorney's fees (Dkt. 24 at 6), the Court will only address the reasonableness of the hourly rate and hours expended.

### a. Reasonableness of Hourly Rates

The Bank requests the Court to find reasonable the following hourly rates:

1. $480.00 per hour for Katie Lane Chaverrri, an attorney with nineteen years of experience; and

4

    2. $400.00 per hour for Christopher M. Chaisson, an attorney with five years of experience. Dkt. 25-3 at 3.

Having considered the experience of each attorney, the degree of success obtained, the applicable market rates, the lack of opposition, and the findings regarding hourly rates in other cases, the Court finds the Bank's requested hourly rates reasonable. *See, e.g., First Nat'l Bank of Oneida, N.A. v. Brandt*, No. 8:16-cv-51-AAS, 2021 WL 2856626, at *2–3 (M.D. Fla. July 8, 2021) (finding $650 per hour to be a reasonable hourly rate for an attorney with over twenty-two years of experience, $456 per hour to be a reasonable hourly rate for an attorney with five years of experience, and $375 per hour to be a reasonable hourly rate for an attorney with five years of experience).

### b. Reasonableness of Hours Expended

The Bank requests the Court to find reasonable the following hours expended:

    1. 22.9 hours by Katie Lane Chaverrri; and

    2. 89.4 hours by Christopher M. Chaisson. Dkt. 25 at 10.

For the following reasons, the Court finds 112.3 hours unreasonably high and chooses to employ an across-the-board cut of the total lodestar amount.

First, the Bank has failed to limit hours to those expended prosecuting this action as ordered by the Court. This failure is apparent throughout the Bank's

submitted billing invoice. Dkt. 25-2. For instance, among other things, said invoice includes "[r]eview of pleadings filed by Farm Credit East in New York Supreme Court" (*Id.* at 2), "review NY case in detail" (*Id.*), "[c]orrespondence with NY counsel for Farm Credit re stipulation for extension" (*Id.*), "meet with C Chaisson re NY action" (*Id.* at 6), and "exchange correspondence re open issues in NY matter" (*Id.* at 10). The Bank has failed to explain why hours apparently related to the New York Action should be included. Accordingly, the Court finds that the Bank has not met its burden of establishing that said hours are reasonable.

     Second, while "the mere fact that an attorney has included more than one task in a single billing entity is not, in and of itself, evidence of impermissible block billing[,]" the Bank's use of compound billing further problematizes any attempt to properly limit hours to those expended in this action. *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918-CIV-MARRA/JOHNSON, 2011 WL 13108095, at *3 (S.D. Fla. Apr. 7, 2011). On one hand, this issue can be exemplified by the joining of hours related to both the New York Action and this action such as "[r]esearch on Election of Remedies under NY RPAPL Sec 1301 with respect to NY foreclosure and MD FL litigation" (*Id.* at 9). On the other hand, said issue can be exemplified by largely redacted invoices containing single time allotments such as the 3.7 hour "Attorney Time" slot for "12/21/21" that ends with "[e]mail to counsel for Pasqualone re: FHB v. Climax

6

Akushi Farm LLC in MD FL[,] [r]esearch on seizing livestock" (*Id.* at 3). The Bank has failed to explain how such comingled hours should be separated. The Court therefore finds that the Bank has not met its burden of establishing that all hours similarly accounted for are reasonable.

### c. Reduction Method

If a district court finds the expended hours claimed to be unreasonably high, it may either "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). An across-the-board cut is often preferable to avoid the "pick and shovel work" of pouring through billing records. *Kenny A. ex rel. Winn v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 542 (2010). This is because, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

An across-the-board cut is appropriate here. As mentioned above, the Bank has neglected to provide the Court with any explanation concerning its apparently erroneous inclusions or comingled hours. Moreover, there is little guidance to be found within the billing invoices themselves. An hour-by-hour analysis, even if

7

carefully performed, would therefore be speculative at best. It would also be unduly burdensome under the aforementioned circumstances.

### d. Reduction

Awarding attorney's fees based on problematic billing invoices is particularly concerning where no opposition exists; for, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Ga.*, 168 F.3d at 428. Notwithstanding the aforementioned issues, however, "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735 (11th Cir. 1988). Accordingly, because it does not appear that the time claimed in relation to this action is obviously and convincingly excessive, the Court finds an across-the-board reduction of the lodestar amount by 15% appropriate and awards attorney's fees in the amount of $39,739.20. *See, e.g., Cornett v. Lender Processing Servs., Inc.*, No. 3:12-CV-233-J-99TJC, 2013 WL 6643873, at *6 (M.D. Fla. Dec. 17, 2013) (applying a 10% across-the-board reduction for redundant, duplicative, and administrative charges in the billing records); *United States ex rel. Higgins v. HealthSouth Corp.*, No. 8:14-CV-2769-T-

33AEP, 2020 WL 1529563, at *6 (M.D. Fla. Mar. 31, 2020) (applying a 20% across-the-board reduction for excessive time, clerical work and block billing).

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED**:

1. The Bank's request for attorney's fees, expenses, and costs (Dkts. 23 & 25) is **GRANTED IN PART AND DENIED IN PART**.

2. The Bank is awarded attorney's fees in the amount of $39,739.20.

3. The Bank is awarded costs and expenses in the amount of $1,063.55.

**DONE AND ORDERED** at Tampa, Florida, on August 19, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record